Michael J. Bolender Informal Opinion Village Attorney No. 2005-6 Village of Brocton 42 South Erie Street P.O. Box 154 Mayville, New York 14757-0154
Dear Mr. Bolender:
You have requested an opinion regarding whether police constables in the Village of Brocton may use sirens or red and white flashing lights on the vehicles owned by the Village and used by its constables. You have indicated that the Village has created by local law the position of Village Constable, deemed a "peace officer" under state and local law.[1] For the reasons discussed below, we are of the opinion that village constables may not operate vehicles with sirens or red and white flashing lights.
Vehicle and Traffic Law § 375 regulates the equipment — e.g., brakes, steering mechanisms, windows — included on vehicles. Subsection 26 prohibits the use of a "gong or siren whistle" on any vehicle other than an "authorized emergency vehicle." Vehicle and Traffic Law § 375(26). Similarly, subsection 41 permits the affixation of one or more red or combination red and white lights only on an "authorized emergency vehicle." Id. § 375(41)(2).
An authorized emergency vehicle is defined as including a "police vehicle." Id. § 101. A "police vehicle" is defined, in relevant part, as "[e]very vehicle owned by the state, a public authority, a county, town, city or village, and operated by the police department or law enforcement agency of such governmental unit or by a constable or police constable of a town when acting pursuant to his special duties." Id. § 132-a. We consider below whether a vehicle operated by a village constable could be considered a "police vehicle" either as a vehicle operated by "a constable or police constable of a town" or by the "police department or law enforcement agency" of the village.
With regard to the first question, at issue is whether the phrase "of a town" modifies "police constable" alone, or modifies the phrase "a constable or police constable of a town" in its entirety. Adopting the first interpretation would mean that a vehicle operated by any constable, regardless of the status of the locality he or she serves, would be treated as an authorized emergency vehicle. That construction, however, would render the remainder of the phrase meaningless, since town police constables are included within the broader category of constables. Vehicle and Traffic Law § 132-a. This conclusion is confirmed by the legislative history of this provision, as discussed further below.
As you noted in your letter, we have previously opined that town constables may not affix a red light or use a siren on a motor vehicle. See Op. Att'y Gen. (Inf.) No. 81-26; 1976 Op. Att'y Gen. (Inf.) 175. After we issued the 1981 opinion, an amendment to the provision of the Vehicle and Traffic Law became effective and added vehicles operated by constables to the definition of "police vehicle." See Act of July 27, 1981, ch. 789, 1981 McKinney's N.Y. Laws 1587. In fact, the legislation appears to have been proposed in recognition of our prior opinions on this topic. See Memorandum on Bill before the Governor, at 3,reprinted in Bill Jacket for ch. 789 (1981) ("Under the present law, a town-owned vehicle to be operated by a constable may not have affixed thereto the emergency police lights.") (citing 1976 Op. Att'y Gen. (Inf.) 175). The legislative history to the amendment makes clear that the amendment was intended to include only those vehicles operated by town constables specifically.See, e.g., id. at 1 ("The purpose of this bill is to authorize a town to equip a town-owned vehicle with red emergency lights for operation by a town constable when acting pursuant to his special duties."); see also Letter from Senator Charles D. Cook to John G. McGoldrick, Counsel to the Governor (June 30, 1981), reprinted in
Bill Jacket for ch. 789 (1981) ("This bill provides that cars owned by municipalities and operated by town constables may display a red light in pursuit of their duties."). We therefore believe that the Legislature did not intend this language to be read as including within the definition of "police vehicle" vehicles operated by village constables but only those vehicles operated by town constables.
With regard to the second question, we do not believe that vehicles operated by village constables can be considered vehicles "operated by the police department or law enforcement agency of such governmental unit" and thus constitute "police vehicles." Clearly, the village constables do not constitute a "police department." See Village Law §§ 8-800 (authority of village to establish police department), 8-802 (granting village police officers the powers of "constables in towns"); Criminal Procedure Law § 2.10 (village and town constables as "peace officers," as distinct from "police officers," defined in Criminal Procedure Law § 1.20(34)); cf. People v. Ellman, 135 Misc.2d 1010, 1018 (N.Y. City Ct. 1987) (peace officers are not members of or accountable to a police force or department).
Furthermore, because Article 8 of the Village Law provides the only authority for organizing village law enforcement officers into a unit — that is, a police department — we believe that the village constables do not constitute a "law enforcement agency" within the meaning of Vehicle and Traffic Law § 132-a. See 1980 Op. Att'y Gen. (Inf.) 248 (town constables do not constitute nor are they part of "law enforcement agency" within meaning of Vehicle and Traffic Law § 132-a); see also Op. Att'y Gen. (Inf.) No. 81-26 (no statutory authority to organize town constables into law enforcement agencies or police departments).
For the reasons discussed above, we are of the opinion that vehicles operated by village constables are not "police vehicles," and consequently are not "authorized emergency vehicles" permitted to have affixed to them red and white flashing lights or sirens.
The Attorney General issues formal opinions only to officers and departments of state government. Thus, this is an informal opinion rendered to assist you in advising the municipality you represent.
Very truly yours,
KATHRYN SHEINGOLD, Assistant Solicitor General
In Charge of Opinions
[1] Criminal Procedure Law § 2.10(1) grants village constables the status of "peace officer," except as inconsistent with local law.